IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GUNNAR STEWARD                          :               CIVIL ACTION

                    v.                  :

SEARS, ROEBUCK & COMPANY                :               NO. 02-8921


**<u>MEMORANDUM OF DECISION</u>**


THOMAS J. RUETER                                        April 29, 2008
Chief United States Magistrate Judge


   Presently before the court are: (1) plaintiff's amended petition for attorney's fees[1]

and costs (Doc. Nos. 104 and 105) ("Amended Fee Petition"), incorporating by reference

plaintiff's memorandum of law in support of petition for attorney's fees and reimbursement of

costs of litigation (Doc. No. 78-2) ("Pl.'s Mem. of Law"); (2) plaintiff's corrected Amended

Order and Judgment; (3) defendant's brief in opposition to plaintiff's amended petition for

attorney's fees and costs (Doc. No. 106) ("Def.'s Opp."); and (4) plaintiff's reply to defendant's

opposition to plaintiff's amended fee petition (Doc. Nos. 107 and 108) ("Pl.'s Reply").

## I.  **<u>PROCEDURAL HISTORY</u>**

   Plaintiff Gunnar Steward ("plaintiff") filed the instant action against his former

employer, defendant Sears, Roebuck & Company ("defendant"), alleging that defendant

---

[1]  In an interesting discussion, the Honorable Norma L. Shapiro addressed the proper form for the term "attorney's fees." <u>See</u> <u>Haymond v. Lundy</u>, 205 F. Supp. 2d 403 (E.D. Pa. 2002). The court discussed a variety of alternatives including, "attorney's fees," "attorneys fees," "counsel fees," and "attorney's fee." Judge Shapiro decided to follow the Supreme Court style manual and use "attorney's fees" as the proper form for this term. The court concluded that "[a]ny other usages will be simple typographical errors." <u>Haymond</u>, 205 F. Supp. 2d at 406 n.2.

terminated his employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 261, et seq.  The case was tried before a jury for eight days, from September 7, 2005 through September 19, 2005.  (Doc. Nos. 70-76.)  The jury returned a verdict in plaintiff's favor on the age discrimination claim on September 20, 2005.  The jury awarded back pay in the amount of $92,985.00 and front pay in the amount of $148,000.00.  See Jury Interrogatory Form (Doc. No. 62).  The jury found in favor of defendant on the question of "willful" discrimination under the ADEA, and no liquidated damages were awarded.  Id.

On June 13, 2006, this court granted judgment as a matter of law in favor of defendant and, in the alternative, granted defendant's motion for a new trial.  (Doc. No. 95.)  The Third Circuit Court of Appeals reversed in an opinion filed August 14, 2007.  Steward v. Sears, Roebuck & Company, No. 06-3360, slip op. (3d Cir. Aug. 14, 2007) (not precedential).  The Court of Appeals disposed of the request of plaintiff's counsel for attorney's fees and costs related to the appeal.  Steward v. Sears, Roebuck & Company, No. 06-3360, Order (3d Cir. Jan. 8, 2008).  This court shall address the request of plaintiff's counsel for attorney's fees and costs related to the trial of this matter.  Plaintiff was represented by two counsel in this litigation: Carmen R. Matos, Esquire and George P. Wood, Esquire.  Mr. Wood assisted on the case since August, 2005.  While defendant does not dispute that plaintiff is a prevailing party entitled to an award of reasonable attorney's fees and costs arising from the underlying litigation, defendant asserts that the attorney's fees and costs requested by plaintiff are unreasonable.

II.    **DISCUSSION**

   A.    **Standard for Award of Attorney's Fees**

2

Having prevailed on the merits, plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 626(b), the ADEA's enforcement provision. The ADEA's enforcement provision incorporates section 216(b) of the Fair Labor Standards Act, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff, or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

An award of attorney's fees to a prevailing party is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Interfaith Community Org. v. Honeywell, Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005).  The reasonable hourly rate multiplied by the reasonable hours is known as the lodestar.  Generally, the lodestar is presumed to be the reasonable fee.  However, the court "has the discretion to make certain adjustments to the lodestar."  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The court should exclude hours that are not reasonably expended.  Id.  Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.  Id.

The party requesting attorney's fees has the burden of demonstrating that the request is reasonable.  Id.  To satisfy this burden, the fee petitioner must "submit evidence supporting the hours worked and rates claimed."  Hensley, 461 U.S. at 433.  The party opposing the award must make specific objections to the requested fees.  Rode, 892 F.2d at 1183.  "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections."  Id.

B.   **The Amended Fee Petition**

The Amended Fee Petition requests reimbursement for hours incurred in three distinct periods of time.  The first time period includes work performed from the fall 2001, for services provided from the inception of the case, and continuing through the jury's verdict on September 20, 2005.  The court shall refer to work performed by plaintiff's counsel during this time period as the "Trial Work."  Next, plaintiff's counsel performed post-trial, but pre-appeal, work from October 2005 through January 2006, related to the litigation of defendant's motion for judgment as a matter of law or in the alternative new trial (the "JMOL Motion").  The court shall refer to work performed by plaintiff's counsel during this time period as the "Post-Trial Work."  Finally, Ms. Matos requests compensation for time spent preparing counsel's original fee petition filed on October 4, 2005 (Doc. No. 78-1) (the "Original Fee Petition"), plus 10.6 hours spent preparing the Amended Fee Petition and plaintiff's Reply to defendant's opposition to the Amended Fee Petition, and $149.00 in costs for the reproduction, binding, and mailing of the Amended Fee Application and Reply.  See Amended Fee Petition ¶ 43; Pl.'s Reply § H.  The court shall refer to services related to the fee petitions as the "Fee Petition Work."

Ms. Matos requests payment of attorney's fees in the amount of $342,400.00.  Mr. Wood seeks payment of attorney's fees in the amount of $96,276.00.  Counsel seek payment of combined costs totaling $15,347.46.  See Corrected Amended Order and Judgment.

### C.   Calculation of the Lodestar

#### 1.   Hourly Rate

In their Amended Fee Petition, plaintiff's counsel, Ms. Matos and Mr. Wood, each request an hourly rate of $400.00.  See Amended Fee Petition ¶ 46.  In the Original Fee Petition, counsel each requested an hourly rate of $375.00.  See Pl.'s Mem. of Law at 10.

4

Counsel also seek pre-judgment and post-judgment interest at the rate of 3.82 percent from October 2005.  See Pl.'s Reply § I.  Defendant contends that an hourly rate of $400.00 is unreasonable.  Defendant asserts that the reasonable rate for counsels' efforts should be (1) $300.00 per hour, the rate stated in the fee agreement Ms. Matos entered into with plaintiff at the outset of the litigation; or (2) $375.00 per hour, the rate requested by counsel in the Original Fee Petition.  (Def.'s Opp. at 3-5.)  Counsel counters that they are not bound by the original fee agreement with plaintiff, and that the $375.00 per hour rate requested in the Original Fee Petition no longer controls because it was filed almost two and one-half years ago.  (Pl.'s Reply at 5.)

Plaintiff's counsel are not bound by the $300.00 hourly rate set forth in Ms. Matos' fee arrangement with plaintiff.  See Blanchard v. Bergerson, 489 U.S. 87, 93 (1989) (discussing award of fees under 42 U.S.C. § 1988, the Court stated that while the "presence of a pre-existing fee agreement may aid in determining reasonableness," "a contingent fee contract does not impose an automatic ceiling on an award of attorney's fees"); Local Union No. 1992 v. The Okonite Co., 34 F. Supp. 2d 230, 234 (D.N.J. 1998) (While "[t]he starting point in determining the appropriate hourly rate is the attorneys' usual billing rate," "[t]he usual billing rate . . . is not dispositive of the issue of reasonableness."); Forgione v. AC&R Advertising, Inc., 147 F.R.D. 30, 33 (S.D.N.Y. 1993) (fee agreements between plaintiffs and counsel do not control court's determination of reasonable fee under ADEA).

The court will award attorney's fees for the Trial Work and Post-Trial Work at the rate of $375.00 per hour.  When the Original Fee Petition was filed, counsel admitted that $375.00 per hour was the reasonable rate for the services provided and counsel submitted affidavits supporting that claim.  Counsel admits that the only difference between then and now

is the passage of time.  See Pl.'s Reply at 5 ("The rate of $375 cited in the first fee petition does not control because that was filed in 2005, almost 2 and ½ years ago.").  Counsel should not be compensated at 2008 rates for services performed in 2001 through January 2006.  The passage of time is remedied by the payment of interest on the amount due, as counsel has requested.[2]  The rate of $375.00 per hour, as requested by counsel in the Original Fee Petition, is the reasonable rate for the Trial Work and Post-Trial Work.[3]

### 2.    Non-Attorney Tasks

Defendant argues that the hourly rate Ms. Matos billed for certain time entries is not reasonable given that the tasks performed could have been accomplished by a less experienced attorney or by a non-attorney.  Defendant lists examples of the offending time entries in its opposition.  See Def.'s Opp. at 6-7.  Defendant urges that the rate charged for these

---

[2]    In Blum v. Witco Chem. Corp., 888 F.2d 975 (3d Cir. 1989), an ADEA case, the court addressed ways to remedy a delay in setting fees for prevailing counsel.  The court stated as follows:

> The Court noted the general practice of courts in recognizing the delay factor in setting fees for prevailing counsel.  It referred to the use by the courts of two methods in adjusting for delay, basing the fee award on current rates or adjusting the fee award based on historical rates to reflect its present value.  483 U.S. at 716.

Blum, 888 F.2d at 984 (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987)).  See also Rode, 892 F.2d at 1184 ("[T]he district court can make 'an appropriate adjustment for delay in payment - - whether by application of current rather than historic hourly rates or otherwise.'") (quoting Missouri v. Jenkins, 491 U.S. 274 (1989)).  In the instant case, plaintiff's counsel has requested payment of interest to compensate for the delay in payment of attorney's fees.  Defendant agrees that payment of interest is the appropriate remedy. (Def.'s Opp. at 5.)  Awarding plaintiff's counsel current hourly rates for past work and interest would compensate counsel two-fold for the delay.

[3]    The court will address reimbursement for the Fee Petition Work separately herein.

6

entries be reduced or denied altogether.  See generally Ursic v. Bethlehem Mines, 719 F.2d 670,

677 (3d Cir. 1983) (A "fee applicant cannot demand a high hourly rate -- which is based on his or

her experience, reputation, and presumed familiarity with the applicable law -- and then run up

an inordinate amount of time researching that same law."); Walton v. Massanari, 177 F. Supp. 2d

359, 365 (E.D. Pa. 2001) (disallowed reimbursement for proofreading, technical changes, and

copying, binding and filing a brief); Jackson v. Philadelphia Housing Auth., 858 F. Supp. 464,

475-76 (E.D. Pa. 1994) ("The Third Circuit has affirmed the award of reduced hourly rates for

experienced attorney's services when the work on the case could have been performed by an

associate-level attorney.").

       However, this court agrees with the courts that hold that a solo practitioner, such

as Ms. Matos at the time of the trial, should not be penalized for unavoidable inefficient

delegation.  Poston v. Fox, 577 F. Supp. 915, 919-20 (D.N.J. 1984) (noting that in a small office,

"it is not always possible to delegate tasks to others").  This is especially so where the instances

of non-delegation are infrequent.  Id. at 920.  In the present matter, the instances where Ms.

Matos reported performing such tasks were not substantial.  The total number of offending hours

identified by defendant is 12.5.  This court's independent review of Ms. Matos' time entries does

not reveal significantly more of such entries.  See Amended Fee Petition Ex. 3.  Also, merely

because a task is "simple," does not mean that it is unnecessary or repetitive.  See Richerson v.

Jones, 506 F. Supp. 1259, 1264 (E.D. Pa. 1981) (rejecting non-prevailing defendant's assertion

that time claimed for "simple tasks" was unnecessary and repetitive; court concluded that

"preparation for argument, motions, and letters, and review of files, briefs, and letters," were

tasks which "must be accomplished to prepare for court proceedings and to control litigation"

and, therefore, compensable).  Accordingly, a reduction in the hourly rate for these tasks is not appropriate.[4]

### 3.      **Duplicative Hours**

Defendant argues that Ms. Matos and Mr. Wood both billed unnecessarily for the same tasks.  (Def.'s Opp. at 8-9.)  Defendant detailed the offending time entries, totaling 43.1 hours for Ms. Matos and 44.5 hours for Mr. Wood, in its opposition.  See Def.'s Opp. at 8.  A reduction for duplication of work by attorneys is appropriate only if the attorneys are unreasonably performing the same work.  Rode, 892 F.2d at 1187.

This court's independent review of the time entries identified by defendant did not reveal that they were unnecessarily redundant or duplicative as to preclude compensation.  Mr. Wood joined Ms. Matos as co-counsel in August, 2005.  Ms. Matos and Mr. Wood met twice for a total of twelve hours (on August 3 and September 3, 2005) to prepare for the trial.  Mr. Wood and Ms. Matos attended a settlement/pre-trial conference with this court on August 8, 2005 for two hours.  Counsel met on November 7, 2005 for nine hours regarding the post-trial brief in response to defendant's JMOL Motion, a significant piece of this litigation, and spoke for 1.1 hours regarding the brief on November 30, 2005.  Counsel spent considerable time preparing for and attending the argument on defendant's JMOL Motion from January 14 through January 18, 2006.

---

[4]      Defendant also asserts that the amount of time spent on some of these administrative tasks was excessive.  The court will address this separate objection later herein.

Given the magnitude and complexity of this case,[5] and the need for counsel to converse and work together, these time entries are not unreasonably redundant or duplicative. Moreover, the fact that two attorneys provided legal services did not render all common entries impermissably redundant or duplicative. See Hogan v. General Elec. Co., 144 F. Supp. 2d 138, 142 (N.D.N.Y. 2001) (it is not unnecessary or unreasonable to use two attorneys in complex ADEA case against large company with significant resources at its disposal; thus such use did not warrant reduction in award of attorney's fees to prevailing plaintiff). Defendant's objection regarding the redundancy or duplication of time entries is overruled.

### 4.   Excessive Hours

Defendant contends that counsel billed excessive hours for tasks performed relating to defendant's JMOL Motion and for simple administrative tasks. (Def.'s Opp. at 9-13.) This court's independent review of counsels' time entries reveals that counsel did expend considerable time in responding to and preparing for argument regarding defendant's JMOL Motion. As noted above, however, the JMOL Motion was a very significant piece of this litigation. At that point in the case, plaintiff had won a substantial jury verdict which defendant was attacking. Defendant's JMOL Motion and supporting brief were extremely well presented. Plaintiff's counsel faced a difficult task in responding to and preparing for argument on the JMOL Motion. Defendant's objection that counsel billed excessive hours in responding to the JMOL Motion is overruled.

---

[5] In light of the history of this case in the courts, it cannot be said that the litigation was not complicated.

Defendant also argues that Ms. Matos billed excessive hours for administrative tasks. Defendant detailed examples of the offending time entries in its opposition. (Def.'s Opp. at 11-13 and Ex. A.) While this court agrees that a solo practitioner, such as Ms. Matos, should not be penalized for unavoidable inefficient delegation, see Poston, 577 F. Supp. at 919-20, so too must a non-prevailing defendant not be penalized for excessive inefficient delegation by prevailing counsel. Many of the time entries identified by defendant involve the drafting or reviewing of simple notices, transmittal letters and e-mails. (Def.'s Opp. at 11-13 and Ex. A.) The time entries noted by defendant total 9.6 hours. The court finds that the time expended by Ms. Matos on simple administrative tasks was excessive. This court's independent review of Ms. Matos' time entries reveal another one hour of excessive time spent on administrative tasks, for a total of 10.6 hours. The court will make a deduction of fifty percent (50%), or 5.3 hours, or $1,987.50, from Ms. Matos' requested fees for excessive time spent on administrative tasks. This modest deduction strikes a balance between the need of a solo practitioner, at times, to perform less demanding or administrative tasks, and fairness to a non-prevailing defendant not to bear an unreasonable burden for that work.

### 5. Fee Petition Preparation

Defendant argues that this court should consider the time spent by counsel seeking attorney's fees, also known as "fees on fees," separately from the other requests for fees and that counsel should not be reimbursed at their regular rates for preparation of the Original Fee Petition and the Amended Fee Petition. (Def.'s Opp. at 13-14.) This court will consider counsel's request for "fees on fees" separately.

Generally, the time counsel spends preparing fee petitions is compensable so long as the hours spent are not excessive.  See Hernandez v. Kalinowski, 146 F.3d 196, 199-200 (3d Cir. 1998); Rush v. Scott Specialty Gases, Inc., 934 F. Supp. 152, 156 (E.D. Pa. 1996).  In the instant matter, many issues were raised concerning the requests for fees, including issues of a negative multiplier, excessive and duplicative fees, and reimbursement for travel time.  The forty-nine hours spent by Ms. Matos on fee petition matters were not excessive and were reasonably necessary to obtain a reasonable fee award.[6]

Counsel shall be compensated for work performed related to the Original Fee Petition at the rate of $375.00 per hour.  Ms. Matos also requests payment for 10.6 hours spent preparing the Amended Fee Petition.  This work, performed in 2008, shall be compensated at the rate of $400.00 per hour, the hourly rate approved by the Third Circuit Court of Appeals.[7]

---

[6]     Ms. Matos reports spending thirty-nine hours preparing the Original Fee Petition, plus an additional 10.6 hours preparing the Amended Fee Petition and plaintiff's Reply to defendant's opposition to the Amended Fee Petition.  See Amended Fee Petition ¶43 and Ex. 3; Pl.'s Reply § H and Ex. 4.

[7]     The hourly rates of $375.00 and $400.00 awarded by the court herein, comport with those identified as reasonable on the schedule of rates promulgated by the Philadelphia Community Legal Services, Inc. (the "CLS Fee Schedule").  The Third Circuit Court of Appeals has held that courts in their discretion may use the CLS Fee Schedule in fixing a reasonable hourly rate for counsel.  See Maldonado v. Houstoun, 256 F.3d 181, 184, 187 (3d Cir. 2001) (CLS Fee Schedule is fair reflection of prevailing market rates in Philadelphia area for civil rights cases).  See also Bjorklund v. Phila. Housing Auth., 2003 WL 22988885, at *2 (E.D. Pa. Nov. 20, 2003) (same), aff'd, 118 Fed. Appx. 524 (3d Cir. 2004).  While this court has not used the CLS Fee Schedule to set the hourly rates herein, it has considered the CLS Fee Schedule as added confirmation that the rates awarded to counsel are reasonable.  See Rode, 892 F.2d at 1183 (court should compare rates of prevailing attorneys to the "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").  Using the CLS Fee Schedule, an attorney with twenty-six to twenty-eight years' experience, such as Ms. Matos, commands an hourly rate of $325.00 to $410.00.  (Amended Fee Petition Ex. 1; Pl.'s Reply Ex. 4.)  See www.clsphila.org.  Mr. Wood graduated law school in 1968, and clearly falls within the "more than 25 years' experience" category on the CLS Fee Schedule.  See Amended

11

6.      **Travel Time**

While defendant does not contest that plaintiff's counsel is entitled to reimbursement for travel time, defendant urges that counsel be reimbursed for such time at the reduced rate of fifty percent of the requested hourly rate.  (Def.'s Opp. at 14.)  Courts have reimbursed attorneys at both their full rates and reduced rates for travel time.  Compare Posa v. City of East Orange, 2005 WL 2205786, at *5 (D.N.J. Sept. 8, 2005) (allowing travel time at fifty percent of hourly rate) and  Haberern v. Kaupp Vascular Surgeons, Ltd., 855 F. Supp. 95, 100 (E.D. Pa.) (reimbursement for attorney travel time allowed in this ERISA case at a 50% reduced hourly rate), vacated in part on other grounds, 24 F.3d 1491 (3d Cir. 1994), with Arietta v. City of Allentown, 2006 WL 2850571, at *5-6 (E.D. Pa. Sept. 29, 2006) (compensating travel time at full hourly rate and concluding that "[b]ecause an attorney who is traveling may not meet with other clients or perform other legal work, we find that it is appropriate that the attorney should be able to bill at his standard hourly rate") and Rush, 934 F. Supp. at 156 (allowing travel time at full rate finding that "the attorney loses opportunity time by traveling to trial and should be compensated for that time as much as time spent otherwise on the client").

Finding that an attorney loses the opportunity to meet with other clients or perform other legal work when engaged in travel necessary to the case, this court will allow reimbursement for counsels' travel time at their full hourly rate of $375.00.  Defendant's objection is overruled.

---

Fee Petition Ex. 5.  The hourly rates of $375.00 for the Trial Work and Post-Trial Work, $375.00 for the Fee Petition Work related to the Original Fee Petition, and $400.00 for the Fee Petition Work related to the Amended Fee Petition, fall at the high end of the rates specified in the CLS Fee Schedule.  This is appropriate since the most recent CLS Fee Schedule published on the CLS website is effective April 1, 2006, two years prior to this decision.

## 7.     Reimbursement for Both Mileage and Gasoline

Defendant objects to Ms. Matos' request for reimbursement for both the cost of gasoline and mileage associated with her travel time.  (Def.'s Opp. at 15-16.)[8]  The parties agree that counsel is permitted reimbursement for mileage at the rate of $.485 per mile, rounded to $.49 per mile, set by the Internal Revenue Service.  This rate includes the cost of gasoline.[9]  Ms. Matos submits nothing to justify her position that she is entitled to the mileage rate plus the cost of gasoline.  Defendant's objection will be sustained.  The court will deduct from Ms. Matos' request for reimbursement of costs the amount of $389.28 representing the cost of gasoline.

## 8.     Negative Multiplier

Lastly, defendant asks the court to impose a negative multiplier due to plaintiff's counsels' inferior performance.  Specifically, defendant points out that on numerous occasions, plaintiff's counsel made typographical errors and misstatements of fact and law in their memoranda filed with the court.  Even if this were true, it does not justify the extraordinary step of reducing counsels' lodestar.  "Quality multipliers are frowned upon by the courts."  Fletcher v. O'Donnell, 729 F. Supp. 422, 432 (E.D. Pa. 1990).  The quality of the performance of counsel should not be used to adjust the lodestar.  Id.  Plaintiff's counsel were successful in persuading the jury to find in their client's favor on evidence that was far from overwhelming.  They should

---

[8]     Mr. Wood requested reimbursement for mileage only, not gas.  See Amended Fee Petition Ex. 6.

[9]     See, e.g., Rev. Proc. 2006-49 § 5 (noting that the standard mileage rate for transportation expenses is 48.5 cents per mile for all miles used for business purposes and includes items such as gasoline).

not be punished for an occasional misstatement.  Defendant's request for a negative multiplier is denied.

### 9. Attorney's Fees and Costs Awarded to Plaintiff's Counsel

Counsel shall be awarded attorney's fees and costs in the following amounts:

**CARMEN R. MATOS**[10]

| Category of Services | Requested Hours/Costs | Deductions | Approved Hourly Rate | Fees/Costs Awarded |
|---|---|---|---|---|
| Trial Work | 636.80 | 5.3 hours ($1,987.50) | $375.00 | $236,812.50 |
| Post-Trial Work | 169.20[11] | none | $375.00 | $ 63,450.00 |
| Fee Petition Work – Original Fee Petition | 39.40 | none | $375.00 | $ 14,775.00 |
| Fee Petition Work – Amended Fee Petition | 10.6 | none | $400.00 | $ 4,240.00 |
| Costs | $14,574.80 | $389.28 | | $ 14,185.52 |

**TOTAL ATTORNEY'S FEES TO MS. MATOS:** **$319,277.50**
**TOTAL COSTS TO MS. MATOS:** **$ 14,185.52**

---

[10]     See Amended Fee Petition Exs. 3 and 4.

[11]     In this category of services, Ms. Matos requested compensation for 169.60 hours of time.  This court's independent review of the itemized service list submitted by Ms. Matos revealed that .40 hours of the requested time was spent addressing issues regarding the Original Fee Petition.  The court has deducted .40 hours from the Post-Trial Work category of services, and added it to the Fee Petition Work category.  This move creates no difference in the amount of fees awarded since the .40 hours is compensated at the same hourly rate in both categories of work.  However, since this court must examine a request for "fees on fees" separately from the rest of the fee petition, all time entries regarding the fee petitions must be segregated from the other time entries.

**GEORGE P. WOOD**[12]

| | | | | |
|---|---|---|---|---|
| Trial Work | 167.49 | none | $375.00 | $ 62,808.75 |
| Post-Trial Work | 73.20 | none | $375.00 | $ 27,450.00 |
| Fee Petition Work | 0 | | | $ 0 |
| Costs | $619.99 | none | | $    619.99 |

**TOTAL ATTORNEY'S FEES TO MR. WOOD:     $ 90,258.75**
**TOTAL COSTS TO MR. WOOD:          $     619.99**

**GUNNAR STEWARD**[13]

| | | | | |
|---|---|---|---|---|
| Costs | $217.47 | none | | $    217.47 |

**TOTAL COSTS TO MR. STEWARD:          $     217.47**

Counsel have requested and shall be awarded pre-judgment interest on the award of attorney's fees for the Trial Work, Post-Trial Work, Fee Petition Work – Original Fee Petition, and costs related thereto at the rate of 3.82 percent from October 4, 2005, the date the Original Fee Petition was filed, until the date of the Order and Judgment accompanying this Memorandum of Decision.[14]  Counsel shall be awarded pre-judgment interest on the award of attorney's fees

---

[12]     See Amended Fee Petition Ex. 6.  Ms. Matos summarized Mr. Wood's costs at $555.19.  Id. Ex. 4.  However, Mr. Wood totaled his own costs as $651.99 ($544.44 + 15.55 + 60.00).  Id. Ex. 6.

[13]     Plaintiff also requests reimbursement of costs in the amount of $217.47. (Amended Fee Petition Ex. 4.)  Defendant does not object to this request for costs by plaintiff. See Def.'s Opp. 16 n.18.

[14]     Counsel are unclear as to the pre-judgment and post-judgment interest rate they are seeking.  In the Memorandum of Law in Support of the Fee Petition, upon which counsel rely in support of the Amended Fee Petition, counsel request both pre-judgment and post-judgment interest, but only specifically request a rate for post-judgment interest at 3.88 percent.  (Pl.'s

and costs related to the Amended Fee Petition at the rate of 3.82 percent from February 11, 2008,

the date the Amended Fee Petition was filed, until the date of the Order and Judgment

accompanying this Memorandum of Decision.  Counsel shall be awarded post-judgment interest

at the rate of 1.88 percent on the award of attorney's fees and costs herein, from the date of the

Order accompanying this Memorandum of Decision until the judgment is paid.

> An appropriate order follows.

> BY THE COURT:

> /s/  Thomas J. Rueter
> THOMAS J. RUETER
> Chief United States Magistrate Judge

---

Mem. of Law at 18.)  In the Order and Judgment attached to their Amended Fee Petition, counsel request an award of post-judgment interest at the rate of 5.44%. (Amended Fee Petition.)  In the body of the Amended Fee Petition, counsel request as award of both pre-judgment and post-judgment interest at the rate of ".455." (Amended Fee Petition ¶ 47.)  On the next page of the Amended Fee Petition, counsel request pre-judgment interest at the rate of "5.447%" and post-judgment interest at the rate of "5.997%." (Amended Fee Petition at 8.)  In their Reply, counsel incomprehensibly request as follows: "Pre and post judgment interest in the amount of 3.82 is requested, from October 2005 to present, as requested in Plaintiff's original Fee Petition of October 3, 2005, pursuant to 28 U.S.C. 1961 (a) and (b) at the rate of 3.82 as well as post judgment interest." (Pl.'s Reply at 15-16, § I.)  Attached to the Reply is a Federal Reserve Statistical Release that was the source of the 3.82 percent pre-judgment and post-judgment interest rate requested by counsel. Id. Ex. E.  The court will grant counsels' request for pre-judgment interest at the rate of 3.82 percent. Id.  Defendant does not contest the award of pre-judgment interest at this rate.

Post-judgment interest is permitted on a money judgment in a civil case recovered in a district court. 28 U.S.C. § 1961 and 40 U.S.C. § 258.  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." See www.paed.uscourts.gov.  The appropriate post-judgment interest rate in the instant case is 1.88 percent. See www.federalreserve.gov/releases/H15/Current (Release Date April 28, 2008).